# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN DEFRANZA,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**POWER HOME REMODELING GROUP, LLC,** a Delaware company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff John DeFranza ("DeFranza" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Power Home Remodeling Group, LLC ("Power Home" or "Defendant") to stop Power Home from violating the Telephone Consumer Protection Act by making unsolicited, autodialed calls to consumers without their consent, including calls to consumers registered on the National Do Not Call registry, and to other obtain injunctive and monetary relief for all persons injured by Power Home's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### INTRODUCTION

1.  Power Home is the largest residential re-roofer and the fourth largest home remodeler in the United States. As of 2017, the company had 16 locations serving New Jersey, New York, Pennsylvania, Texas, Washington D.C., Virginia, Colorado, Connecticut, Delaware,

Georgia, Illinois, Indiana, Maryland, Massachusetts, Michgan, New Hampshire, Rhode Island, Wisconsin, and expanding into Florida.[1]

2.       In order to sustain its significant size, Power Home utilizes many marketing methods including door-to-door sales, internet marketing and telemarketing.

3.       Additionally, Power Home acquires leads through lead generating services such as HomeAdvisor and QuinnStreet.

4.       However, Power Home uses an autodialer to calls these leads even when it does not have consent to call. In Plaintiff's case, Power Home made more than 10 unsolicited, autodialed calls to his cellular phone, despite Plaintiff having his phone number registered with the National Do Not Call registry to prevent such calls.

5.       In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease placing unsolicited calls to consumers' cellular telephone numbers using an automatic telephone dialing system without consent and otherwise calling telephone numbers registered on the National Do Not Call Registry ("DNC"), as well as an award of statutory damages to the members of the Classes and costs.

**PARTIES**

6.       Plaintiff DeFranza is a Cherry Hill, New Jersey resident.

7.       Defendant Power Home is a Delaware limited liability company headquartered in Chester, Pennsylvania. Defendant conducts business throughout this District, the State of New Jersey, and throughout the United States.

**JURISDICTION AND VENUE**

---

[1] https://en.wikipedia.org/wiki/Power_Home_Remodeling_Group

8. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant does significant business in this District and the state of New Jersey, and because the wrongful conduct giving rise to this case occurred in this District. Venue is additionally proper because Plaintiff resides in this District and the calls were directed towards Plaintiff in this District.

## COMMON ALLEGATIONS

### Power Home Markets its Services by Making Autodialed Calls to Consumers' Cellular Phone Numbers Without Consent and Regardless of Whether They Are Registered on the National Do Not Call Registry

10. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

11. Yet in violation of this rule, Defendant fails to obtain any express written consent prior to making autodialed solicitation calls to cellular telephone numbers such as Plaintiff's.

12. In placing the calls that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS" or "autodialer") in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it

is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

13.     Power Home expressly states in various contexts that it contacts consumers using an autodialer. For example, Power Home on its webpage, disclaims that Power Home a"may use *automated technology* to initiate calls to its customers." (emphasis added).[2]

14.      Similarly, when consumers complain online regarding Power Home's unsolicited calls, Power Home publicly notifies consumers that Power Home will "flag your records in our database to prevent future calls from anyone in the company, *remove the number from the predictive dialer*, and post the number to our own internal Do Not Call (DNC) list, which prevents it from *loading into the dialer system again*." (emphasis added).[3]

15.     Not surprisingly, there are numerous online complaints about Defendant's calls from telephone number 610-990-4243 to consumers who never gave consent to be called, including consumers that request that Defendant stop calling, or who are otherwise registered on the National DNC registry:

- "Stop calling and hanging up."[4]
- "Called Power Home Remodeling ^ told them to stop calling me & hanging up."[5]
- "Never stops even after u ask them to multiple times. Needs to be reported to BBB!"[6]
- "constantly call and either hang up or they don't leave a message"[7]
- "they never stop calling about home improvement estimates"[8]
- "Some company regarding home repairs, siding, windows, solar. I've said to stop calling. I own a construction company why would I pay for what I already do"[9]

---

[2] http://Power Homesolar.com
[3] https://www.revdex.com/reviews/power-home-remodeling-group-llc/760556/page/4
[4] https://800notes.com/Phone.aspx/1-610-990-4243/2
[5] *id*
[6] https://www.whitepages.com/phone/1-610-990-4243
[7] *id*
[8] https://findwhocallsyou.com/6109904243?CallerInfo
[9] *id*

4

16.     Power Home owns/operates and/or utilizes telephone numbers 610-990-4243 as is seen on their website http://powerhg.com:

**OUR NATIONAL HEADQUARTERS**

2501 Seaport Drive, Fourth Floor
Chester, PA 19013
Phone: 610-990-4243
Fax: 610-874-5030
Map & Directions

[10]

## PLAINTIFF'S ALLEGATIONS

**Power Home Agents Repeatedly Called Plaintiff's Cell Phone Number Without Plaintiff's Consent, Despite Plaintiff Registering His Phone Number on the DNC**

17.     On November 9, 2007, Plaintiff registered his cellular telephone number on the National Do Not Call Registry.

18.     On May 1, 2018 Plaintiff received 5 autodialed calls from Defendant using phone number 610-990-4243. The calls came in at 10:48 AM, 10:54 AM, 11:54 AM, 1:55 PM and 4:24 PM.

19.     Plaintiff continued to receive calls from Defendant on May 2nd, May 3rd, May 4th, May 7th, May 8th, May 9th, May 10th, May 11th, May 12th, May 14th, May 15th, May 16th, and on May 17th.

20.     On May 19, 2018 at 11:29AM, Plaintiff received an autodialed call from Defendant using phone number 610-990-4243. When Plaintiff answered the call, there was a significant delay before the agent came on the line, indicative of an autodialer, and the agent identified the company as Power Home Remodeling. Plaintiff then asked the agent not to call him again. Between May 1, 2018 and May 19, 2018, Plaintiff received more than 20 unsolicited and autodialed calls from Defendant on his cellular number.

---

[10] https://powerhrg.com/coverage-area/

21. Plaintiff does not have a relationship with Power Home or any of its affiliated companies, nor has he ever requested that Power Home call him or consented to any contact from Defendant.

22. Simply put, Power Home did not obtain Plaintiff's prior express written consent to place a solicitation telephone call to him on his cellular telephone using an autodialer.

23. The unauthorized telephone calls made by Power Home, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed DeFranza's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

24. Seeking redress for these injuries, DeFranza, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones and unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by Power Home Agents**

25. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the present (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an autodialer, and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call Plaintiff, or (b) Defendant did not obtain prior express written consent.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on his/her cellular telephone; (2) within any

6

12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff, or (b) Defendant did not obtain prior express written consent.

26. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

27. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) whether Defendant utilized an automatic telephone dialing system to make its calls to Plaintiff and the members of the Classes;

    (b) whether Defendant systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry;

    (c) whether Defendant made autodialed telephone calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls; and

    (d) whether Defendant's conduct constitutes a violation of the TCPA; and

    (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

30. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**

**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

31.     Plaintiff repeats and realleges paragraphs 1 through 31 of this Complaint and incorporates them by reference herein.

32.     Defendant and/or its agents made unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

33.     These solicitation telephone calls were made *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation telephone calls.

34.     Defendant did not have consent from the Plaintiff orally or in writing to call him.

35.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

36.     In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff DeFranza and the Do Not Call Registry Class)**

37.     Plaintiff repeats and realleges the paragraphs 1 through 31 of this Complaint and incorporates them by reference herein.

38.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

9

who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

39.  47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[11]

40.  47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

41.  Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

42.  Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

43.  Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's

---

[11] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

44. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

f) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

g) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

        Respectfully Submitted,

        **JOHN DEFRANZA**, individually and on behalf of those similarly situated individuals

Dated: July 8, 2018        By: __/s/ *Stefan Coleman*__

        Stefan Coleman
        law@stefancoleman.com
        LAW OFFICES OF STEFAN COLEMAN, P.A.
        1072 Madison Ave. #1
        Lakewood, NJ 08701
        Telephone: (877) 333-9427
        Facsimile: (888) 498-8946

        Avi R. Kaufman*
        kaufman@kaufmanpa.com
        KAUFMAN P.A.
        400 NW 26th Street
        Miami, FL 33127
        Telephone: (305) 469-5881

        *Attorneys for Plaintiff and the putative Classes*

        *\*Pro Hac Vice motion forthcoming*